TEXTO COMPLETO DE LA RESOLUCION
El 18 de junio de 1999, el Ledo. Ricardo Pascual (en adelante Pascual) presentó Petición de Certiorari y solicitó la revocación de la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayarnón, el 7 de junio de 1999. Mediante dicha resolución, el tribunal de instancia declaró No Ha Lugar la Moción Urgente y Comparecencia Especial Sobre Oposición e Impugnación de Citación presentada por Pascual el 3 de junio de 1999. Por lo fundamentos que expondremos, DESESTIMAMOS el Recurso solicitado por éste ser PREMATURO.
I
El 28 de mayo de 1999, el tribunal de instancia emitió Orden y Citación en el caso Hon. Awilda Vilches, *714 Etc. v. Ernesto Martínez, Etc., Civil Número DDP-98-1153 (504). En la misma, el tribunal de instancia ordenó a Pascual comparecer como testigo para la vista en su fondo a ser celebrada el 7 de junio de 1999.
Sin embargo, dado que Pascual había sido abogado de los co-demandados hasta el año 1997, el 3 de junio de 1999, Pascual presentó Moción Urgente y Comparecencia Especial Sobre Oposición e Impugnación de Citación. En la misma, Pascual alegó que al él haber sido abogado de los co-demandados, existía el privilegio de abogado-cliente y que ello impedía que él declarara en la vista en su fondo. Además, Pascual alegó que la citación diligenciada era deficiente porque no especificaba la materia sobre la cual él tenía que declarar. Por tal razón, Pascual solicitó que el tribunal de instancia lo eximiera de declarar tanto en la mencionada vista como en cualquier otro procedimiento.
El 7 de junio de 1999, el tribunal de instancia declaró no ha lugar la moción presentada por Pascual. No conforme, el 18 de junio de 1999, Pascual acudió ante nos mediante petición de certiorari y moción en auxilio de jurisdicción y solicitó la revocación de dicha resolución. Pascual alegó que el tribunal de instancia había errado al ordenar su citación porque la misma era contraria al privilegio de abogado-cliente. También, Pascual alegó que “las partes demandantes y las demandadas Kmart y los empleados demandados tienen conocimiento de los hechos, por lo que la información que se intenta descubrir es susceptible de ser obtenida de otras personas. ”
El 22 de junio de 1999 emitimos resolución interlocutoria, denegamos la moción en auxilio de jurisdicción por ésta ser académica y concedimos a los co-demandantes un término de 30 días para expresar su posición respecto los méritos de la petición de certiorari presentada por Pascual.
Finalmente, el 9 de agosto de 1999, Pascual presentó “Moción Solicitando Remedio”. En la misma, Pascual solicitó que este Tribunal expidiera el recurso solicitado y revocara la resolución emitida por el tribunal de instancia el 7 de junio de 1999 porque los co-demandantes aún no habían comparecido.
Luego de analizar el expediente ante nuestra consideración, así como el derecho y la jurisprudencia aplicables, procedemos a resolver.
II
El privilegio de abogado-cliente está delimitado por las disposiciones de la Regla 25 de Evidencia, 32 L.P.R.A. Apéndice IV. En lo pertinente, el inciso (B) de la citada regla dispone lo siguiente:

“Sujeto a lo dispuesto en esta regla, el cliente, sea o no parte en el pleito o acción, tiene el privilegio de rehusar revelar, y de impedir que otro revele, una comunicación confidencial entre él y su abogado. El privilegio puede ser invocado no sólo por el poseedor del privilegio que es el cliente, sino también por una persona autorizada a invocarlo en beneficio de éste, o por el abogado a quien la comunicación fue hecha si lo invoca a nombre de y para beneficio del cliente ”.

El privilegio abogado-cliente está fundamentado en serias consideraciones de política pública y su propósito es crear un ambiente de seguridad en toda comunicación profesional, Ades v. Zalman, 115 D.P.R. 514, 519 (1984). El mismo evita, en lo posible, mezclar la función del abogado con el papel de un testigo. A su vez, el desalentar la participación del abogado como elemento evidenciario en un pleito va dirigido no a tronchar, sino a robustecer, esa seguridad anhelada por el cliente, R.H. Viñas, Etica y Derecho de la Abogacía y Procuración, Buenos Aires, Ed. Pannedille, 1972, páginas 207-211; según citado en Ades v. Zalman, supra, página 520.
*715 Por otro lado, nuestra jurisprudencia reconoce el derecho a tomar una deposición de un abogado de una parte siempre que, previa y adecuadamente, sea establecida justa causa para la misma. Ante una solicitud de toma de deposición, el foro judicial debe determinar si la información a ser descubierta a través del abogado es susceptible de ser obtenida de otras personas o medios menos onerosos y complejos. Una vez demostrada justa causa para la deposición, el foro judicial puede requerir que el abogado sea depuesto. De ser así, la deposición y descubrimiento de prueba sólo podrá abarcar aquella materia pertinente, no privilegiada, y que no sea producto del trabajo (“workproduct”) del abogado, Ades v. Zalman, supra, página 524.
En el caso ante nuestra consideración, Pascual invoca el privilegio abogado-cliente para evitar declarar en el juicio. Sin embargo, de la aplicación de las normas anteriormente transcritas surge que dicho reclamo es prematuro. Los privilegios evidenciarios son interpretados restrictivamente, Regla 35 de Evidencia, supra. Por lo tanto, como Pascual aún no ha declarado en el juicio, y como los co-demandantes aún no han especificado las áreas sobre las cuales Pascual sería interrogado, procede que Pascual comparezca a declarar en el juieio. Sólo entonces es que Pascual podrá analizar el contenido de las preguntas formuladas por los co-demandantes y, posteriormente, invocar el privilegio abogado-cliente, o el privilegio de producto de su trábajo. Si en esa ocasión Pascual decide invocar el privilegio, el tribunal de instancia tendría que decidir si el mismo procede. De no estar conforme con el dictamen del tribunal de instancia, Pascual podría acudir ante este Foro para revisar el mismo. En su consecuencia, dado que el reclamo de Pascual es prematuro, ptocede que este Tribunal DESESTIME la expedición del recurso solicitado.
III
En virtud de los fundamentos anteriormente expuestos, DESESTIMAMOS él Recurso solicitado por éste ser PREMATURO.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Heana Oquendo Graulali
Secretaria General